**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HRI HOLDING CORP., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12415 (MFW)<br><br>(Jointly Administered)<br><br>Ref. Nos. 18, 32 & 147 |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES *NUNC PRO TUNC* TO THE PETITION DATE AND (B) ABANDON ANY REMAINING PROPERTY AT THE REJECTED LOCATIONS AND (II) AUTHORIZING AND APPROVING PROCEDURES TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the *Debtors' First Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to (a) Reject Certain Unexpired Leases Nunc Pro Tunc to the Petition Date and (b) Abandon Any Remaining Property at the Rejected Locations and (II) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases* (the "Motion");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: HRI Holding Corp. (4677), Houlihan's Restaurants, Inc. (8489), HDJG Corp. (3479), Red Steer, Inc. (2214), Sam Wilson's/Kansas, Inc. (5739), Darryl's of St. Louis County, Inc. (7177), Darryl's of Overland Park, Inc. (3015), Houlihan's of Ohio, Inc. (6410), HRI O'Fallon, Inc. (4539), Algonquin Houlihan's Restaurant, L.L.C. (0449), Geneva Houlihan's Restaurant, L.L.C. (3156), Hanley Station Houlihan's Restaurant, LLC (8058), Houlihan's Texas Holdings, Inc. (5485), Houlihan's Restaurants of Texas, Inc. (4948), JGIL Mill OP LLC (0741), JGIL Millburn, LLC (6071), JGIL Milburn Op LLC (N/A), JGIL, LLC (5485), JGIL Holding Corp. (N/A), JGIL Omaha, LLC (5485), HOP NJ NY, LLC (1106), HOP Farmingdale LLC (7273), HOP Cherry Hill LLC (5012), HOP Paramus LLC (5154), HOP Lawrenceville LLC (5239), HOP Brick LLC (4416), HOP Secaucus LLC (5946), HOP Heights LLC (6017), HOP Bayonne LLC (7185), HOP Fairfield LLC (8068), HOP Ramsey LLC (8657), HOP Bridgewater LLC (1005), HOP Parsippany LLC (1520), HOP Westbury LLC (2352), HOP Weehawken LLC (2571), HOP New Brunswick LLC (2637), HOP Holmdel LLC (2638), HOP Woodbridge LLC (8965), and Houlihan's of Chesterfield, Inc. (5073). The Debtors' corporate headquarters and the mailing address is 8700 State Line Road, Suite 100, Leawood, Kansas 66206.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

III of the United States Constitution;[3] and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and it appearing that the relief requested by the Motion is necessary and appropriate and in the best interests of the Debtors' estates and their creditors; and good and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that, pursuant to Bankruptcy Code sections 365(a) and 105(a), the Debtors are authorized to reject the Rejected Leases identified on **Exhibit A** hereto *nunc pro tunc* to the Petition Date; and it is further

ORDERED that claims arising out of the rejection of the Rejected Leases, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) thirty (30) days after the date of this Order; and it is further

ORDERED that, pursuant to Bankruptcy Code section 554(a), the Debtors are authorized to abandon any personal property (the "Abandoned Property") at the Rejected Locations. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such Abandoned Property without further notice or liability to the Debtors or any third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; and it is further

ORDERED that the following Rejection Procedures are approved in connection with rejecting Contracts:

    a.    *Rejection Notice*. The Debtors shall file a notice substantially in the form attached as **Exhibit B** to this Order (the "Rejection Notice") to reject one or more Contracts pursuant to Bankruptcy Code section 365, which

---

[3] Pursuant to Local Rule 9013-1(f), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

        Rejection Notice shall set forth, among other things: (i) the Contract(s) to be rejected; (ii) the Debtor party to such Contract; (iii) the names and addresses of the counterparties to such Contracts (each a "Rejection Counterparty"); (iv) the proposed effective date of rejection for such Contracts (the "Rejection Date"); (v) the Debtors' intent to abandon any remaining personal property; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of Contracts listed on each Rejection Notice shall be limited to no more than one hundred (100).

    b.    ***Service of the Rejection Notice***. The Debtors will cause the Rejection Notice to be served: (i) by first class mail or, by overnight mail to the extent the Contract is a lease for nonresidential real property, and email or fax if such contact information is known, service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known); and (ii) by first class mail upon (A) the Office of the United States Trustee for the District of Delaware (the "UST"); (B) counsel for the Official Statutory Committee of Unsecured Creditors, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adams, Esq. and Maeghan J. McLoughlin, Esq., and Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware, 19801-3062, Attn: Domenic Pacitti, Esq. and Rich Beck, Esq.; (C) counsel to the Lenders, Katten Muchin Rosenman LLP, 515 South Flower Street, Suite 1000, Los Angeles, California 90071-2212, Attn: William B. Freeman, Esq.; (D) any party with an interest in Abandoned Property (defined below) subject to the Rejection Notice; and (E) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

    c.    ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection so that such objection is filed with this Court on the docket of the Debtors' Chapter 11 Cases and is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"): (i) proposed counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Kimberly A. Brown, Esq. and Matthew R. Pierce, Esq.; (ii) the UST, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane M. Leamy, Esq.; (iii) counsel for the Official Statutory Committee of Unsecured Creditors, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adams, Esq. and Maeghan J. McLoughlin, Esq., and Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware, 19801-3062, Attn: Domenic Pacitti, Esq. and Rich Beck, Esq.; (iv) counsel to the Lenders,

    Katten Muchin Rosenman LLP, 515 South Flower Street, Suite 1000, Los Angeles, California 90071-2212, Attn: William B. Freeman, Esq.

  d. ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, *however* that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further* that the Rejection Date for a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

  e. ***Unresolved Timely Objection***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty have agreed, or as ordered by the Court.

  f. ***Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

  g. ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Abandoned Property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such Abandoned Property without further notice or liability to the Debtors

        or any third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

    h.    ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) thirty (30) days after the later of (A) the Rejection Objection Deadline, if no objection is filed and (B) the date that all such filed objections have either been overruled or withdrawn. If no proof of claim is timely filed in the appropriate form, such claimant shall be forever barred, estopped and enjoined from (1) asserting such claim against any of the Debtors and their chapter 11 estates, (2) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such claim and (3) participating in any distribution in the Debtors' Chapter 11 Cases on account of such claim.

ORDERED that approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject, assume or assume and assign a Contract by separate motion; and it is further

ORDERED that the form of Rejection Notice attached hereto as **Exhibit B** is approved; and it is further

ORDERED that notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a waiver of any claims the Debtors or their estates may have against the Rejection Counterparties; and it is further

ORDERED that all rights and defenses of the Debtors and the Contract counterparties are

preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated, expired or otherwise no longer an executory contract or unexpired lease; and it is further

ORDERED that all parties' rights, claims, interests, and defenses related to (i) that certain lease agreement dated February 1, 1988 between Hartz Mountain Industries, Inc., as landlord and Gilbert/Robinson, Inc. d/b/a Houlihan's Old Place Restaurant and Bar (as assigned and amended, the "Weehawken Lease"), (ii) the liquor license related to the Weehawken Lease, (iii) the termination of the Weehawken Lease, and (iv) all litigation related to the foregoing are expressly reserved; and it is further

ORDERED that, notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice; and it is further

ORDERED that, to the extent that Bankruptcy Rule 6004(h) is applicable, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and Rejection Notice; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: December 5th, 2019**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**