# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HRI HOLDING CORP., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12415 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Nos. 14, 93, 98** |

## ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH A TRANSACTION BY PUBLIC AUCTION; (B) SCHEDULING A HEARING TO CONSIDER THE TRANSACTION; (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (D) APPROVING CONTRACT PROCEDURES; AND (E) GRANTING RELATED RELIEF

Upon the *Motion of the Debtors and Debtors-In-Possession for Entry of an Order (A) Approving Bidding Procedures in Connection with a Transaction by Public Auction; (B) Scheduling a Hearing to Consider the Transaction; (C) Approving the Form and Manner of Notice Thereof; (D) Approving Contract Procedures; and (E) Granting Related Relief* (the "Motion")[2] filed by the above captioned debtors and debtors-in-possession (the "Debtors"). Having reviewed the Motion, and the record in these Chapter 11 Cases; having considered the statements of counsel for the Debtors and the Stalking Horse Bidder, the Court finds that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: HRI Holding Corp. (4677), Houlihan's Restaurants, Inc. (8489), HDJG Corp. (3479), Red Steer, Inc. (2214), Sam Wilson's/Kansas, Inc. (5739), Darryl's of St. Louis County, Inc. (7177), Darryl's of Overland Park, Inc. (3015), Houlihan's of Ohio, Inc. (6410), HRI O'Fallon, Inc. (4539), Algonquin Houlihan's Restaurant, L.L.C. (0449), Geneva Houlihan's Restaurant, L.L.C. (3156), Hanley Station Houlihan's Restaurant, LLC (8058), Houlihan's Texas Holdings, Inc. (5485), Houlihan's Restaurants of Texas, Inc. (4948), JGIL Mill OP LLC (0741), JGIL Millburn, LLC (6071), JGIL Milburn Op LLC (N/A), JGIL, LLC (5485), JGIL Holding Corp. (N/A), JGIL Omaha, LLC (5485), HOP NJ NY, LLC (1106), HOP Farmingdale LLC (7273), HOP Cherry Hill LLC (5012), HOP Paramus LLC (5154), HOP Lawrenceville LLC (5239), HOP Brick LLC (4416), HOP Secaucus LLC (5946), HOP Heights LLC (6017), HOP Bayonne LLC (7185), HOP Fairfield LLC (8068), HOP Ramsey LLC (8657), HOP Bridgewater LLC (1005), HOP Parsippany LLC (1520), HOP Westbury LLC (2352), HOP Weehawken LLC (2571), HOP New Brunswick LLC (2637), HOP Holmdel LLC (2638), HOP Woodbridge LLC (8965), and Houlihan's of Chesterfield, Inc. (5073). The Debtors' corporate headquarters and the mailing address is 8700 State Line Road, Suite 100, Leawood, Kansas 66206.

[2] Except where otherwise indicated, capitalized terms used but not defined shall have the meanings ascribed to them in the Motion, the Bidding Procedures attached hereto as **Exhibit 1**, or the Agreement, as applicable.

{1247.001-W0058748.7}

establishing bidding procedures and sale procedures in connection with a sale of the Purchased Assets, in accordance with the provisions contained in this Order, is in the best interests of the Debtors' estates.

IT IS HEREBY FOUND AND DETERMINED THAT:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any conclusions of law herein constitute findings of fact, they are adopted as such.

B.  The Court has jurisdiction over the Motion and the transaction contemplated by the Agreement pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  The statutory bases for the relief requested in the Motion are (i) Bankruptcy Code sections 105, 363 and 365 and (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006 and 9014 and Local Rules 2002-1 and 6004-1.

D.  Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, such notice complied with all applicable requirements of Bankruptcy Code sections 101-1532, the Bankruptcy Rules and the Local Rules, and no other or further notice is required except as set forth herein with respect to the hearing to be conducted to approve the transactions contemplated by the Agreement (the "Sale Hearing"). A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties

in interest.

E.  The Debtors' proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of substantially all of the Debtors' assets (the "Purchased Assets"), the auction (the "Auction") for the Purchased Assets, and the Bidding Procedures to be employed in connection therewith.

F.  The Debtors have articulated good and sufficient reasons for the Court to: (i) approve the Bidding Procedures; (ii) set the Sale Hearing and approve the manner of notice of the Motion and the Sale Hearing; (iii) approve the procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "Assigned Contracts"), including notice of proposed cure costs and the procedures set forth in the Agreement with respect to the Stalking Horse Bidder's rights to designate or change the character of such Assigned Contracts by the applicable Contract Designation Deadline; and (iv) grant the Breakup Fee and the Expense Reimbursement (together, the "Termination Fee") as provided in the Agreement and in this Order.

G.  The entry of this Order is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

H.  The Bidding Procedures are fair, reasonable and appropriate, and are designed to maximize the value to be achieved for the Purchased Assets. The Bidding Procedures were negotiated in good faith by the Debtors and the Stalking Horse Bidder.

I.  The Debtors have demonstrated a compelling business justification of the payment of the Termination Fee under the circumstances set forth in Agreement. The Termination Fee (i) is payable as provided in Section 7.4(c)(i) of the Agreement, (ii) is of substantial benefit to the Debtors' estates, (iii) is reasonable and appropriate, including in light of

the size and nature of the sale and the efforts that have been or will be expended by the Stalking Horse Bidder notwithstanding that the proposed sale is subject to higher or otherwise better offers for the Purchased Assets, (iv) was negotiated by the parties at arm's length and in good faith, and (v) is necessary to ensure that the Stalking Horse Bidder will continue to pursue its proposed acquisition of the Purchased Assets contemplated by the Agreement. The Stalking Horse Bidder is unwilling to commit to purchase the Purchased Assets under the terms of the Agreement without approval of the Termination Fee.

J. The Bidding Procedures comply with the requirements of Local Rule 6004-1(c).

K. The procedures of assumption and assignment of executory contracts and unexpired leases are fair, reasonable, and appropriate, and comply with the provisions of Bankruptcy Code section 365.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. Except as provided to the contrary herein, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits with prejudice.

3. The Bidding Procedures, attached hereto as **Exhibit 1**, are hereby approved in their entirety, are incorporated by reference and shall govern the bids and proceedings related to the sale and the Auction, and the Bidding Procedures Key Dates, attached hereto as **Exhibit 2**, are hereby approved in their entirety.

4. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

5. Landry's, LLC, together with its permitted successors, assigns and designees, is approved as the Stalking Horse Bidder for the Debtors' Assets, pursuant to the terms of the Agreement attached as Exhibit A to the Sale Motion and the Agreement, in substantially such form, is hereby approved; provided, that the rights of all parties to object to the Sale contemplated by the Agreement are preserved.

6. If the Debtors receive more than one Qualified Bid (as defined in the Bidding Procedures), an auction (the "Auction") shall take place on **December 18, 2019 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Landis Rath & Cobb LLP, or such other place and time as the Debtors shall notify all Qualified Bidders, including the Stalking Horse Bidder, counsel for the Stalking Horse Bidder and other invitees in accordance with the Bidding Procedures. The Auction shall be conducted in accordance with the Bidding Procedures.

7. In the event another party other than the Stalking Horse Bidder is the Successful Bidder for the Debtors' Assets, subject to the terms of the Agreement, notwithstanding anything contrary in the Motion, the Debtors shall pay the Breakup Fee to the Stalking Horse Bidder in an amount equal to $1.2 million and shall reimburse the Stalking Horse Bidder for the actual and reasonable out of pocket expenses up to a cap of $300,000 incurred by the Stalking Horse Bidder in performance of the Stalking Horse Bidder's due diligence investigation, review, research, and analysis regarding the Debtors' assets and the negotiations and documentation of the Agreement.

8. The Termination Fee shall constitute an allowed superpriority administrative expense claim against the Debtors' bankruptcy estates, with priority over any and all administrative expenses of any kind, including as provided in Bankruptcy Code sections 363, 364, 365, 503(b) and 507(a)(2).

9. The Termination Fee shall be payable by the Debtors out of the proceeds of an Alternative Transaction within three (3) Business Days following the closing thereof, and shall be paid to the Stalking Horse Bidder prior to the payment of the proceeds of such sale to any third party asserting a Lien on the Purchased Assets (and no Lien of any third party shall attach to the portion of the sale proceeds representing the Termination Fee). No further or additional order from the Court shall be required in order to give effect to such provisions relating to the terms of payment of the Termination Fee and the Stalking Horse Bidders' professional advisors are not obligated to comply with any provisions of the Bankruptcy Code regarding Court approval of professional fees payable by the Debtors and included in the Expense Reimbursement.

10. Notwithstanding anything herein to the contrary, prior to payment of the Expense Reimbursement, the Stalking Horse Bidder shall provide the Debtors and the Committee with invoices detailing its expenses and the Debtors and the Committee shall have three (3) Business Days to object (the "Expense Reimbursement Objection Deadline") to the reasonableness of the expenses incurred. The Expense Reimbursement shall be paid within three (3) Business Days following the expiration of the Expense Reimbursement Objection Deadline if no objections are received.

11. In the event the Purchased Assets are acquired in an Alternative Transaction by any secured lender pursuant to a credit bid authorized by the Bankruptcy Court, such secured lender shall be responsible for the payment of the Breakup Fee and the Expense Reimbursement in cash at a closing on such sale.

12. The Sale Hearing shall be held before the Court on **December 20, 2019 at 2:00 p.m. (prevailing Eastern Time)** and may be adjourned from time to time.

13. Objections, if any, to the sale of the Purchased Assets and the Sale contemplated by the Agreement, or the relief requested in the Sale Motion must: (a) be in writing; (b) state the basis of such objection with specificity; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **4:00 p.m. (prevailing Eastern Time) on December 13, 2019** (the "Sale Objection Deadline"), except that the Committee shall have until on or before 4:00 p.m. (prevailing Eastern Time) on December 17, 2019 to file an objection to the sale of the Purchased Assets, the Sale contemplated by the Agreement, or the relief requested in the Sale Motion; and (e) be served upon: (i) the Debtors, 8700 State Line Road, Suite 100, Leawood, Kansas 66206 (Attn: Michael Archer and Cindy Parres); (ii) counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Adam G. Landis and Kimberly A. Brown); (iii) investment banker to the Debtors, Piper Jaffray & Co., 2321 Rosecrans Avenue, Suite 3200, El Segundo, California 90245 (Attn: Teri Stratton); (iv) counsel for the Stalking Horse Bidder, Hunton Andrews Kurth, LLP, 600 Travis Street, Suite 4200, Houston, Texas 77002 (Attn: Mark Arnold and Mark Young) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Noman L. Pernick); (v) counsel to the Lenders, Katten Muchin Rosenman LLP, 515 South Flower Street, Suite 1000, Los Angeles, California 90071-2212 (Attn: William B. Freeman), and 575 Madison Avenue, New York, New York 10022-2585 (Attn: Karen B. Dine); (vi) the Office of the United States Trustee, United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane Leamy); and (vii) proposed counsel to the Committee, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (Attn: Jason R. Adams, Esq. and Maeghan J. McLoughlin, Esq.) and

Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801 (Attn: Domenic Pacitti, Esq. and Richard M. Beck, Esq.), in accordance with Local Rule 2002-1(b) on or before 4:00 p.m. (prevailing Eastern Time) on the Sale Objection Deadline.

14. The notice, substantially in the form attached hereto as **Exhibit 3** (the "Sale Notice"), is hereby approved.

15. On or before December 6, 2019, the Debtors will cause the Sale Notice and this Order to be sent by first-class mail, to the following: (a) all creditors or their counsel known to the Debtors to assert a lien (including any security interest), claim, right, interest, or encumbrance of record against all or any portion of the Purchased Assets; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel to the Stalking Horse Bidder; (d) the Lenders; (e) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (f) all applicable federal, state and local taxing and regulatory authorities of the Debtors or recording offices or any other governmental authorities that, as a result of the sale of the Purchased Assets, may have claims, contingent or otherwise, in connection with the Debtors' ownership of the Purchased Assets or have any known interest in the relief requested by the Motion, which shall include the attorneys general for the State of Delaware and for each state in which the Debtors operate a business; (g) all counterparties to any executory contract or unexpired lease of the Debtors; and (h) all potential bidders previously identified or otherwise known to the Debtors.

16. The notice, substantially in the form attached hereto as **Exhibit 4** (the "Contract Notice"), of potential assumption and assignment of certain of the Debtors' executory contracts and unexpired leases to be listed in the Contract Notice (collectively, the

"Scheduled Contracts"), is hereby approved in its entirety. The Procedures in Section 7.5 of the Agreement, including with respect to the Stalking Horse Bidder's rights to designate or change the character of Assigned Contracts by the applicable Contract Designation Deadline are approved.[3]

17. On November 26, 2019, the Debtors served by first class mail or hand delivery the Contract Notice on all non-Debtor parties to the Scheduled Contracts. The Contract Notice identified the Scheduled Contracts and provided the cure costs that the Debtors believe must be paid to cure all prepetition defaults under the Scheduled Contracts (each a "Cure Cost" and, collectively, the "Cure Costs").

18. The Debtors shall serve non-confidential information evidencing the Stalking Horse Bidder's ability to provide adequate assurance of future performance by December 6, 2019, which shall include instructions for obtaining the confidential portion thereof that also will be made available by December 6, 2019 (together, the "Stalking Horse Bidder Adequate Assurance Package"). Upon written request of a landlord made prior to the expiration of the Contract Objection deadline (December 13, 2019, at 4:00 p.m.), the Debtors shall serve via email or overnight delivery, the confidential portion of the Stalking Horse Bidder Adequate Assurance Package, on a confidential basis to such requesting landlord within 24 hours of receipt of any such requests. The Debtors shall serve the Debtors' landlords, via email or overnight delivery, the Adequate Assurance Information (as defined in the attached Bidding Procedures) from each Qualified Bidder (other than the Stalking Horse Bidder) within 24 hours of the Bid Deadline and such information shall include evidence that the Qualified Bidder has the financial ability to

---

[3] The Agreement provides, among other things, that the Stalking Horse Bidder has the right to elect to have the Debtors assume and assign executory contracts and unexpired leases and that the Stalking Horse Bidder shall be responsible for payment of the Cure Costs after an executory contract or unexpired lease is designated for assumption and the assumption becomes effective.

perform under the Assigned Contracts and otherwise complies with the requirements of adequate assurance of future performance under Bankruptcy Code sections 365(b)(1) and 365(b)(3).

19. Any objection to the Cure Cost or to the assumption and assignment to the Stalking Horse Bidder, including with respect to adequate assurance of future performance of the Stalking Horse Bidder (collectively, a "Contract Objection"), must be filed with the Court no later than **December 13, 2019 at 4:00 p.m. (prevailing Eastern Time)**, and served, so as to be received the same day as the objection is filed, to (i) the Debtors, 8700 State Line Road, Suite 100, Leawood, Kansas 66206 (Attn: Michael Archer and Cindy Parres); (ii) counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Adam G. Landis and Kimberly A. Brown); (iii) investment banker to the Debtors, Piper Jaffray & Co., 2321 Rosecrans Avenue, Suite 3200, El Segundo, California 90245 (Attn: Teri Stratton); (iv) counsel for the Stalking Horse Bidder, Hunton Andrews Kurth, LLP, 600 Travis Street, Suite 4200, Houston, Texas 77002 (Attn: Mark Arnold and Mark Young) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Noman L. Pernick); (v) counsel to the Lenders, Katten Muchin Rosenman LLP, 515 South Flower Street, Suite 1000, Los Angeles, California 90071-2212 (Attn: William B. Freeman) and 575 Madison Avenue, New York, New York 10022-2585 (Attn: Karen B. Dine); (vi) the Office of the United States Trustee, United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane Leamy); and (vii) proposed counsel to the Committee, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (Attn: Jason R. Adams, Esq. and Maeghan J. McLoughlin, Esq.) and Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801 (Attn: Domenic Pacitti, Esq. and Richard M. Beck, Esq.).

20. Any Contract Objection must state the basis for such objection and state with specificity what Cure Cost the party to the Contract or Real Property Lease believes is required (in all cases with appropriate documentation in support thereof). If no Contract Objection is timely received, the Cure Cost set forth in the Contract Notice shall be controlling, notwithstanding anything to the contrary in the Contract or Real Property Lease or other documents as of the date of the Contract Notice. The Contract Notice shall also provide that the Contract Objection to any Cure Cost or assumption and assignment will be heard at the Sale Hearing or at a later hearing, as determined by the Debtors and the applicable counterparty. If a Successful Bidder that is not the Stalking Horse Bidder prevails at the Auction, then in such case only the deadline to object to assumption and assignment (solely on the grounds of adequate assurance of future performance) shall be the Sale Hearing.

21. Unless a non-Debtor party to any Contract or Real Property Lease files an objection to the Cure Cost by the applicable objection deadline, then such counterparty shall be (a) forever barred from objection to the Cure Cost and (b) forever barred and estopped from asserting or claiming any Cure Cost, other than the Cure Cost on the schedule of the Contract Notice, against the Debtors, the Stalking Horse Bidder, or any Successful Bidder or any other assignee of the relevant contract or lease.

22. Unless a non-Debtor party to any Contract or Real Property Lease files a timely objection to the assumption and assignment of the applicable Contract or Real Property Lease to the Stalking Horse Bidder or the other Successful Bidder, then such counterparty shall be deemed to have consented to the assumption and assignment to the Stalking Horse Bidder or the other Successful Bidder.

23. Compliance with the foregoing notice provisions shall constitute sufficient notice of the Debtors' proposed sale of the Debtors' assets free and clear of liens, claims, interests and encumbrances, pursuant to Bankruptcy Code section 363(f) and otherwise, and except as set forth in this Order, no other or further notice of the sale shall be required to be provided by the Debtors.

24. The Stalking Horse Bidder is entitled to make any additional bids at the Auction in compliance with the Bidding Procedures. For purposes of any Overbid, the Stalking Horse Bidder shall be entitled to a credit in the amount of the Termination Fee.

25. The Sale Hearing may be continued, from time to time, without further notice to creditors or other parties in interest other than by announcement of said continuance before the Court on the date scheduled for such hearing or in the hearing agenda for such hearing.

26. Section 7.4(c)(i) of the Agreement is hereby approved, as modified herein. In connection therewith, the Debtors' obligation to pay the Termination Fee, as provided by the Agreement, is hereby approved and shall survive termination of the Agreement and shall be payable out of the proceeds of an Alternative Transaction as provided in Section 7.4(c)(i) of the Agreement.

27. Except for the Stalking Horse Bidder, no other party submitting an offer or Bid for the Purchased Assets or a Qualifying Bid shall be entitled to any expense reimbursement, breakup, termination, or similar fee or payment.

28. Except as otherwise provided in the Agreement or this Order, the Debtors further reserve the right as they may reasonably determine to be in the best interests of their estates (in consultation with the Consultation Parties) to: (a) determine which bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or

otherwise best proposal and which is the next highest or otherwise best proposal; (d) reject any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code or (iii) contrary to the best interests of the Debtors and their estates; (e) impose additional terms and conditions with respect to all potential bidders; (f) extend the deadlines set forth herein; and (g) continue or cancel the Auction and/or Sale Hearing in open court without further notice or by filing a notice on the docket. Before extending any deadline, the Debtor shall consult with the Stalking Horse Bidder, the Lenders, and the Committee.

29. All persons and entities that participate in the bidding process or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the terms and conditions of the transfer of Purchased Assets, the Auction and any transaction contemplated herein.

30. To the extent that any chapter 11 plan confirmed in these cases or any order confirming any such plan or any other order in these cases (including any order entered after any conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with or derogates from the provisions of this Order, the provisions of this Order shall control. The Debtors' obligations under this Order, the provisions of this Order and the portions of the Agreement pertaining to the Bidding Procedures shall survive conversion of these cases to cases under chapter 7 of the Bankruptcy Code, confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Debtors, a Chapter 7 trustee, the reorganized or reconstituted debtors, as the case may, after the effective date of a confirmed plan or plans in the Debtors' cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code).

31.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014 or any other provisions of the Bankruptcy Rules or the Local Rules stating the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and no automatic stay shall apply to this Order.

32.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

33.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

34.     In the event there is any inconsistency between the Motion, the Bidding Procedures, or this Order, this Order shall govern.  The rights and obligations of the Stalking Horse Bidder and the Debtors are subject to the full terms and conditions of the Agreement, which shall control in the event of any conflict between this Order and the Agreement.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

35. The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order. All matters arising from or related to the implementation of this Order may be brought before the Court as a contested matter, without the necessity of commencing an adversary proceeding.

Dated: December 5, 2019
Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE