IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HRI HOLDING CORP., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-12415 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket No. 15<br><br>Hearing Date: December 20, 2019 at 11:00 am (ET)<br>Objection Deadline: December 18, 2019 at 10:00 am (ET)[2] |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY
OF AN ORDER APPROVING THE ASSET PURCHASE AGREEMENT
AND AUTHORIZING A SALE OF SUBSTANTIALLY ALL ASSETS**

The Official Committee of Unsecured Creditors (the "Committee") of HRI Holding Corp., *et al.*, the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its proposed undersigned counsel, hereby files this limited objection (the "Objection") to the *Motion of the Debtors for Entry of an Order (I) Approving Asset Purchase Agreement and Authorizing Sale of Certain Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Claims and Liens, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired*

---

[1] The Debtors in these cases are: HRI Holding Corp., Houlihan's Restaurants, Inc., HDJG Corp., Red Steer, Inc., Sam Wilson's/Kansas, Inc., Darryl's of St. Louis County, Inc., Darryl's of Overland Park, Inc., Houlihan's of Ohio, Inc., HRI O'Fallon, Inc., Algonquin Houlihan's Restaurant, L.L.C., Geneva Houlihan's Restaurant, L.L.C., Hanley Station Houlihan's Restaurant, LLC, Houlihan's Texas Holdings, Inc., Houlihan's Restaurants of Texas, Inc., JGIL Mill OP LLC, JGIL Millburn, LLC, JGIL Milburn Op LLC, JGIL, LLC, JGIL Holding Corp., JGIL Omaha, LLC, HOP NJ NY, LLC, HOP Farmingdale LLC, HOP Cherry Hill LLC, HOP Paramus LLC, HOP Lawrenceville LLC, HOP Brick LLC, HOP Secaucus LLC, HOP Heights LLC, HOP Bayonne LLC, HOP Fairfield LLC, HOP Ramsey LLC, HOP Bridgewater LLC, HOP Parsippany LLC, HOP Westbury LLC, HOP Weehawken LLC, HOP New Brunswick LLC, HOP Holmdel LLC, HOP Woodbridge LLC, and Houlihan's of Chesterfield, Inc.

[2] Extended by consent of the Debtors.

*Leases, and (IV) Granting Related Relief* (the "<u>Sale Motion</u>").[3]  In support of this Objection, the Committee respectfully states as follows:

## **OBJECTION**

1. While disappointed the Debtors' failed to receive any competing bids, the Committee generally supports the proposed sale to Landry's and the prompt wind down of these cases to implement the terms of the global settlement announced at the December 5 hearing (the "<u>Settlement</u>").  In advance of the objection deadline, the Committee worked cooperatively with the Debtors and lenders to address a handful of concerns with the proposed Landry's asset purchase agreement (the "<u>Agreement</u>"), the sale order, and documentation of the global settlement.  The Committee was able to resolve the majority of its concerns, leaving only two issues the Committee hopes will be resolved in advance of the hearing.

2. First, Section 2.1(h) of the Agreement seeks a blanket transfer of all potential claims and causes of action, including avoidance actions, from the Debtors to Landry's, regardless of whether such claims have any relationship to the go forward business being acquired by Landry's.[4]  While the Committee has no issue with Landry's acquiring claims related to the go-forward business, the Committee objects to the proposed acquisition of

---

[3]   Docket No. 15.  Capitalized terms used but not otherwise defined in this Objection shall have the meanings set forth in the Sale Motion and the Agreement.

[4]   *See* Agreement § 2.1(h).  At the sale closing,

> Sellers agree to sell, transfer, and deliver to Purchaser, and Purchaser agrees to purchase, acquire and accept from Sellers . . . all causes of action, lawsuits, judgments, Claims, refunds, rights of recovery, rights of set-off, counterclaims, defenses, demands, warranty claims, rights to indemnification, contribution, advancement of expenses or reimbursement, or similar rights of any Seller (at any time or in any manner arising or existing, whether choate or inchoate, known or unknown, now existing or hereafter acquired, contingent or noncontingent)[.]

*Id.*

unrelated and historic estate claims that could provide an alternative source of recovery for general unsecured creditors.

3. Such litigation claims and avoidance actions are intended to benefit the Debtors' creditors, not Landry's.[5] Given the expedited case timeline, the Committee has not yet had the opportunity to investigate the universe and value of such claims, and is concerned the sale could transfer valuable include estate causes of action that should be retained for the benefit of unsecured creditors. Landry's has failed to provide the Committee any explanation as to why a transfer of claims solely related to the go-forward operations would not be sufficient.

4. The Committee, therefore, requests that the sale order explicitly limit the transfer of such causes of action, claims, or similar rights to those relating to the Continuing Restaurants and the go-forward Business. Any remaining causes of action, claims, or similar rights relating to the Debtors, their insiders, or the prepetition Business should be preserved.

**5.** Second, the Committee reserves its rights with respect to the proposed termination of the Committee's challenge rights. The Settlement is intended to fund a wind down of the estates through a prompt plan of liquidation and, therefore, will not be fully implemented immediately. As a result, the Committee needs some enforcement mechanism to ensure the Debtors and lenders honor the terms of the Settlement. As of the time of the filing of this Objection, the Committee was working with the Debtors and lenders to finalize a term sheet

---

[5] *See Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. Partnership IV,* 229 F.3d 245, 250 (3d Cir. 2000) ("when recovery is sought under section 544(b) of the Bankruptcy Code, any recovery is for the benefit of all unsecured creditors"); *Mellon Bank, N.A. v. Glick (In re Integrated Testing Prods. Corp.),* 69 B.R. 901, 904 (D.N.J. 1987) (finding that only the trustee, acting on behalf of all creditors, has a right to recover payments made as preferences); *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.),* 226 F.3d 237, 243-47 (3d Cir. 2000) (holding that a fraudulent transfer claim belongs to creditors and not the debtor).

and revisions to the sale order that would address this concern. The Committee expects this issue will be fully resolved prior to the sale hearing.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court (i) deny the Sale Motion unless modified as set forth herein; and (ii) grant such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
December 18, 2019

KLEHR HARRISON HARVEY
& BRANZBURG, LLP

*/s/ Richard M. Beck*
Richard M. Beck (DE Bar No. 3370)
Sally E. Veghte (DE Bar No. 4762)
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
Email: rbeck@klehr.com
sveghte@klehr.com

- and -

KELLEY DRYE & WARREN LLP
Eric R. Wilson (admitted *pro hac vice*)
Jason R. Adams (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
ewilson@kelleydrye.com
jadams@kelleydrye.com
mmcloughlin@kelleydrye.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of HRI Holding Corp., et al.*