**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HRI HOLDING CORP., *et al.*,[1] | : | Case No. 19-12415 (MFW) |
| Debtors. | : | (Jointly Administered) |

## FINAL REPORT AND ACCOUNT IN CHAPTER 11 CASES

Pursuant to Rule 3022-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Court"), the following is the final report (the "Final Report")[2] of the above-captioned Debtors and Post-Effective Date Debtors, collectively, in connection with the above-captioned chapter 11 cases:

1. The Post-Effective Date Debtors incurred all the expenses as listed on **Schedule A** hereto in administering the Plan, including all de minimis expenses related to the wind-down operations of the Debtors and the Post-Effective Date Debtors as of the Effective Date.

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: HRI Holding Corp. (4677), Houlihan's Restaurants, Inc. (8489), HDJG Corp. (3479), Red Steer, Inc. (2214), Houlihan's of Ohio, Inc. (6410), HRI O'Fallon, Inc. (4539), Houlihan's Texas Holdings, Inc. (5485). On November 17, 2021, the Court entered a final decree closing certain of the original affiliated Debtors' Chapter 11 Cases [D.I. 883]. The Debtors' mailing address is HRI Holdings Corp., c/o Saccullo Business Consulting, LLC, 27 Crimson King Drive, Bear, Delaware 19701.

[2] The Final Report is filed in connection with the *Plan Administrator's Motion (I) For Entry of a Final Decree Closing the Chapter 11 Cases of HRI Holding Corp. and Its Affiliated Debtors; (II) Authorizing Treatment and Distribution of Residual Cash; and (III) Granting Related Relief* [D.I. 1048] (the "Final Decree Motion"). Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Final Decree Motion.

2. No trustee or examiner was appointed in these chapter 11 cases. Accordingly, no fees or expenses were incurred with respect to any trustee or examiner.

3. All expenses arising from the administration of the Debtors' and Post-Effective Date Debtors' estates and these Cases have been paid or will be paid as and when such expenses become due. The Plan has been substantially consummated, and the Post-Effective Date Debtors have implemented the Plan as further described in the Final Decree Motion. The Post-Effective Date Debtors believe that all Proofs of Claim filed against the Debtors have been reconciled and resolved in accordance with the Confirmation Order and the Plan. As noted in the Final Decree Motion, while some distributions remain to be made to certain creditors, specifically the Administrative Agent on behalf of the Prepetition Secured Obligations Claims, such distributions will be made in accordance with the Confirmation Order and the Plan as soon as practicable after the entry of the order approving the Final Decree Motion.

4. The Debtors and the Post-Effective Date Debtors are current on all fees owed pursuant to 28 U.S.C. § 1930 (the "U.S. Trustee Fees") through December 31, 2024. The Post-Effective Date Debtors will pay all U.S. Trustee Fees, court fees, and all other fees required under 28 U.S.C. § 1930(a)(6) for the current quarter (i.e., First Quarter 2024) through the closing of the Cases as if all funds were distributed in the current quarter within thirty (30) days of entry of the order approving the Final Decree Motion.

5. The Post-Effective Date Debtors have established a reserve for the remaining U.S. Trustee Fees, along with a reserve for administrative expenses related to making the distributions in the Cases and closing out the Post-Effective Date Debtors, including, but not limited to, any other activities as further described in the Final Decree Motion.

6. There are no pending adversary proceedings or contested matters in these Cases that would affect the substantial consummation of these Cases.

7. The percentage distributions paid or to be paid to claimants holding Allowed Claims are as follows:

| DISTRIBUTIONS | | | |
|---|---|---|---|
| **Class** | **Type of Claim or Interest** | **Distribution** | **Percentage of Total Allowed Claims** |
| 1 | Secured Tax Claims | $ 49,698.20 | 100.0% |
| 2 | Other Secured Claims | $ 4,535.64 | 100.0% |
| 3 | Other Priority Claims | $ 119,999.38 | 100.0% |
| 4 | Prepetition Secured Obligations Claims | $ 602,987.63 | 2.94%[3] |
| 5 | General Unsecured Claims | $ 797,663.15 | 2.31%[4] |
| 6 | Prepetition Secured Obligations Deficiency Claims | n/a | 0.0% |
| 7 | Subordinated Claims | n/a | 0.0% |
| 8 | Intercompany Interests | n/a | 0.0% |
| 9 | Interests in Holdco | n/a | 0.0% |

8. In addition to the distributions listed in the chart above and as identified on **Schedule A** hereto, the Post-Effective Date Debtors distributed $1,903,755.18 for administrative expense payments, including without limitation, the U.S. Trustee Fees, under the Plan since the Effective Date. As more fully described in the Final Decree Motion, the Post-Effective Date Debtors seek to treat Undistributed Cash as Residual Cash under the Plan, with such Residual Cash then being used first to pay currently unpaid expenses, if any, of the Post-Effective Date Debtors and then to reserve

[3] Represents Distribution divided by the Total Estimated Class 4 – Prepetition Secured Obligations Claims of $20,523,000, which represents the Total Estimated Class 4 – Prepetition Secured Obligations Claims of $47,366,000 less Closing Payments of $26,843,000 (described in the Plan as having been disbursed by the Debtors to the Prepetition Secured Lenders on account of their secured claims as authorized by the DIP Order and the Sale Order), as presented in "*EXHIBIT B – Liquidation Analysis*" to the Plan.

[4] Represents Distribution divided by the Total Estimated Class 5 – General Unsecured Claims of $34,600,000, as presented in "*EXHIBIT B – Liquidation Analysis*" to the Plan.

for remaining future expenses of the Post-Effective Date Debtors, if any, and finally for distribution to the Administrative Agent for the benefit of the Prepetition Secured Obligations Claims, in each case in accordance with the terms of the Confirmation Order and the Plan.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 5, 2025

/s/ *Anthony M. Saccullo*
Solely in his capacity as Plan Administrator of the Post-Effective Date Debtors

**Schedule A – List of Expenses Incurred by Post-Effective Date Debtors since Effective Date**

| Vendor | Amount |
|---|---|
| BlueEdge Consulting LLC | $ 5,334.00 |
| CBIZ Accounting Tax & Advisory of Kansas City LLC | $ 225,395.92 |
| Ms. Cherie Meyer (Independent Consultant) | $ 45,366.00 |
| City of Philadelphia | $ 7,256.00 |
| Columbus City Treasurer | $ 150.00 |
| Florida Department of Revenue | $ 330.00 |
| Gellert Scali Busenkell & Brown LLC | $ 193,984.43 |
| Hadrian Technology Advisory, LLC | $ 3,185.09 |
| Katten Muchin Rosenman LLP | $ 35,910.50 |
| Kurtzman Carson Consultants, LLC | $ 317,331.94 |
| New York State Corporation Tax | $ 8,911.00 |
| Post Polak P.A. | $ 33,551.80 |
| Saccullo Business Consulting, LLC (Plan Administrator)[1] | $ 367,500.00 |
| Saccullo Business Consulting, LLC (Hourly Consultants) | $ 449,825.96 |
| North Carolina Secretary of State | $ 25.00 |
| Texas State Comptroller | $ 30.12 |
| State of Michigan | $ 1,800.00 |
| State of New Jersey | $ 4,074.00 |
| Ms. Susan Corp (Independent Consultant) | $ 65,114.92 |
| Treasurer, State of Ohio | $ 2,844.00 |
| U.S. Trustee | $81,121.80 |
| Wisconsin Department of Revenue | $ 275.00 |
| Young Conaway Stargatt & Taylor LLP | $ 54,437.70 |

[1] The Plan Administrator, by and through Saccullo Business Consulting, LLC, waived his monthly fees for the period October 1, 2024 through the closing of the Chapter 11 Cases, although the hourly consultants of Saccullo Business Consulting, LLC working on behalf of the Post-Effective Date Debtors continued to be compensated for their fees and expenses.